UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher West #183479, | ) | C/A No.     5:13-cv-00981-SB-KDW |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Director William R. Byars, Jr.; Warden Cecilia Reynolds; Associate Warden Jerry Washington; Major Darren Seward; Captain Daniel Dubose; Lieutenant Claude Powell; Sergeant Kristopher Sweet; Corporal Jeremy Tarlton; Officer Lawrence Taylor; Nurse Luanne Mungo; in their individual and official capacity as corrections employees of the State of South Carolina, Kershaw State Prison, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order ("TRO") filed on June 3, 2013.  ECF No. 31. Defendants filed a response opposing Plaintiff's motion on June 17, 2013, ECF No. 34, and Plaintiff filed a reply to Defendants' response on July 1, 2013, ECF No. 36.  Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion for Temporary Restraining Order, Plaintiff requests that the court issue an order enjoining Defendants from tampering with his legal mail.  ECF No. 31.  In support of his Motion, Plaintiff alleges that mailroom supervisor Virginia Grubbs attempted to "sabotage plaintiff's litigation" when she mailed an incomplete copy of Plaintiff's complaint to the South

Carolina state courts. ECF No. 31-1. Plaintiff contends that Ms. Grubbs "continues diabolic acts designed to harass, which is the reason for this temporary restraining order." *Id.* Plaintiff avers that he has met the requirements for issuing a TRO because he has been injured by "negating timely access to courts; mail tempering by subordinate to harass plaintiff." ECF No. 31-1 at 1. Plaintiff argues that he is likely to succeed on the merits because "[f]or associates to obviate, discourage shows that its probable success of Plaintiff." *Id.* Defendants contend that Plaintiff's Motion should be denied as Plaintiff has not established the requirements for a temporary restraining order. ECF No. 34 at 2. Defendants argue that Plaintiff's allegations deal with "an alleged [South Carolina Department of Corrections ("SCDC")] employee that is not a currently named Defendant." *Id.* at 4. Defendants argue that the only allegations against them are the unsupported contentions that they are allowing others to harass Plaintiff and tamper with Plaintiff's mail. *Id.* In reply, Plaintiff reiterates his arguments that Defendants are permitting or directing SCDC employees to harass Plaintiff by tampering with his legal mail and court filings which is denying Plaintiff access to the courts. ECF No. 36.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief

which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

The undersigned has reviewed Plaintiff's filings, and although mostly incomprehensible, it appears that Plaintiff is complaining about documents that he attempted to file with the South Carolina state court, contending that the mail room supervisor did not mail all his documents. Plaintiff also appears to complain that the legal mail that he is sending to, and receiving from, the court is being tampered with. Plaintiff contends that all of these actions have been done to retaliate against him for a lawsuit he filed against SCDC officials. The undersigned finds Plaintiff's motion for a TRO must fail and recommends denying his motion. Although Plaintiff does discuss some of the factors *Winter* requires that he prove, Plaintiff has failed to offer any evidence to establish that he met any of the *Winter* factors. Based on the foregoing, it is recommended that Plaintiff's Motion for TRO, ECF No. 31, be denied.

IS SO RECOMMENDED.

August 27, 2013                                     Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**