UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher West, ) | |
| ) | |
| ) | |
| ) | C/A No.    5:13-cv-00981-DCN-KDW |
| v.                               ) | |
| ) | |
| Director William R. Byars, Jr.; Warden ) | |
| Cecilia Reynolds; Associate Warden Jerry ) | |
| Washington; Major Darren Seward; ) | ORDER |
| Captain Daniel Dubose; Lieutenant Claude ) | |
| Powell; Sergeant Kristopher Sweet; ) | |
| Corporal Jeremy Tarlton; Officer ) | |
| Lawrence Taylor; Nurse Luanne Mungo; in ) | |
| their individual and official capacity as ) | |
| corrections employees of the State of South ) | |
| Carolina, Kershaw State Prison, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding pro se, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court on the parties' pending discovery motions. On October 21, 2013, Plaintiff filed a Motion for Extension of Time to Complete Discovery, ECF No. 72, and on November 25, 2013, Plaintiff filed a Motion to Compel, ECF No. 77. On November 26, 2013, while Plaintiff's discovery motions were pending, Defendants filed a Motion to Extend the Time to File Dispositive Motions, ECF No. 78.[1] In response to these pending motions, on December 2, 2013, the court stayed the dispositive motion deadline and directed Defendants' counsel to advise the court, by December 9, 2013, regarding the status of Defendants' responses to Plaintiff's outstanding discovery requests. ECF No. 79. On December 6, 2013, Defendants filed their Motion for Summary Judgment. ECF No. 82. On this same date, Defendants also filed a Motion to Stay Discovery. ECF No. 83. On December 18, 2013, Defendants' Motion for

---

[1] Pursuant to the Scheduling Order entered in this case, dispositive motions were due by December 2, 2013. ECF No. 45.

Extension of Time to File Dispositive Motions, ECF No. 78, was denied as moot. ECF No. 90. On December 23, 2013, Plaintiff filed a second Motion for Extension of Time to Complete Discovery, ECF No. 93. Defendants have filed Responses in Opposition to each of Plaintiff's Motions. *See* ECF Nos. 74, 89, 96, 100. Plaintiff did not respond to Defendant's Motion to Stay.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Defendants' Motion to Stay Discovery, ECF No. 83**

Defendants argue that a stay of discovery should be granted until the court has resolved "the threshold issue of qualified immunity." ECF No. 83 at 5. Defendants further argue that they should not be "subject to [Plaintiff's] expensive, time-consuming, and vexatious" discovery requests. *Id.* Defendants contend that Plaintiff's discovery requests are irrelevant, unduly burdensome, and further argue that Plaintiff will not be prejudiced if discovery is stayed in this matter. *Id.* Defendants cite to *Harlow v. Fitzgerald*, 457 U.S. 800, and argue that discovery should not be allowed in this case until the issue of qualified immunity is resolved. ECF No. 83 at 3. Defendants also cite to Federal Rule of Civil Procedure 26(c), contending that the court has the "inherent power to stay discovery" when the proposed discovery request "is not likely to produce facts" to defeat summary judgment. *Id.*

Rule 26(b)(2)(C) permits the court to limit the "frequency or extent of discovery otherwise allowed" for several reasons, including its determination that "discovery sought is unreasonably cumulative," "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or the "burden or expense of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

2

In this case, the court has reviewed Plaintiff's Complaint, ECF No. 1-1, Defendants' summary judgment motion, ECF No. 82, and Plaintiff's discovery requests, attached as an exhibit to Defendants' Motion to Stay, ECF Nos. 83-1 to 83-9. The court finds that the issue of qualified immunity cannot be determined on the record presently before the court due to outstanding questions of fact. The court finds that Plaintiff is entitled to conduct discovery in this matter, and therefore, Defendants' Motion to Stay Discovery, ECF No. 83, is denied.

**Plaintiff's Motions for Extension of Time to Complete Discovery, ECF Nos. 72, 93; Plaintiff's Motion to Compel, ECF No. 77**

Plaintiff asks the court to issue an order compelling Defendants to respond to discovery requests that he has served on Defendants' attorney. ECF No. 77. Defendants oppose Plaintiff's motion arguing that Plaintiff's discovery requests were untimely because they were not served in time for Defendants to respond before the court's October 21, 2013 discovery deadline. ECF No. 89 at 33. Defendants also oppose Plaintiff's motion arguing that Plaintiff's motion does not comply with the Local Rules of the District of South Carolina. ECF No. 89 at 3-4. Defendants finally argue that Plaintiff's motion should be denied for the same reasons articulated in its Motion to Stay. ECF No. 89 at 4-5.

Addressing Defendants concerns regarding the timeliness of Plaintiff's discovery requests, the court finds that Plaintiff moved to extend discovery prior to the expiration of the discovery deadline in this matter.[2] *See* ECF No. 72. As the court has found *supra* that Plaintiff is entitled to discovery in this matter, Plaintiff's Motion to Compel, ECF No. 77, and Plaintiff's motions to extend the time complete discovery, ECF Nos. 72, 93, are granted. Defendants shall have until **May 6, 2014** to respond to the discovery requests that Plaintiff

---

[2] Discovery in this matter was due by October 21, 2013. Plaintiff's motion was mailed on October 17, 2013. See ECF No. 72-1.

3

has previously served in this matter. The dispositive motion deadline is extended to **June 16, 2014.**

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motions for Extension of Time to Complete Discovery, ECF No. 72, 93, and Plaintiff's Motion to Compel, ECF No. 77, are GRANTED. Defendants' Motion to Stay Discovery, ECF No. 83, is DENIED.

IT IS SO ORDERED.

February 6, 2014                                     Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

4