IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Gearl West, # 183479, aka | ) | |
| Christopher West | ) | |
| | ) | |
| | ) | C/A No.  5:13-cv-00981-DCN-KDW |
| | ) | |
| v. | ) | |
| | ) | |
| Director William R. Byars, Jr.; Warden | ) | |
| Cecilia Reynolds; Associate Warden Jerry | ) | ORDER |
| Washington; Major Darren Seward; | ) | |
| Captain Daniel Dubose; Lieutenant Claude | ) | |
| Powell; Sergeant Kristopher Sweet; | ) | |
| Corporal Jeremey Tarlton; Officer | ) | |
| Lawrence Taylor; Nurse Luanne Mungo, in | ) | |
| their individual and official capacity as | ) | |
| Corrections employees of the State of | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for Sanctions, ECF No. 116, and Plaintiff's Motion for Court Order, ECF No. 113. Defendants have filed Responses in Opposition to each of Plaintiff's Motions. ECF Nos. 122, 117. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Plaintiff's Motion for Sanctions**

In Plaintiff's Motion for Sanctions, ECF No. 116, pursuant to Rule 37 of the Federal Rules of Civil Procedure, he argues that Defendants have failed to comply with the court's Order issued on February 6, 2014, ECF No. 103. Plaintiff asks that the court hold Defendants

in contempt for their failure to obey a court order and order Defendants to pay expenses and take any other measure that will eradicate delays in future discovery. *Id.* Defendants maintain that Plaintiff's Motion for Sanctions is untimely and improper because it was filed eleven days prior to the May 6, 2014 discovery deadline. ECF No. 122 at 1-2. Further, Defendants argue that they have served discovery responses on the Plaintiff in compliance with the court's February 6, 2014 Order. *Id.* at 2-3. Therefore, Defendants maintain that Plaintiff's Motion should be denied pursuant to Rule 37(b)(2)(A).

This court extended the discovery deadline until May 6, 2014, for all parties. *See* ECF No. 103. Further, the court finds that Defendants served discovery responses on Plaintiff by the deadline imposed as evidenced by Exhibits A-I contained in Defendants' Response.[1] *See* ECF Nos. 122-1 to 122-10. The court finds Defendants have responded to the court's Order that it serve Plaintiff with discovery in good faith. Therefore, sanctions are not warranted, and Plaintiff's Motion for Sanctions, ECF No. 116, is denied.

**Plaintiff's Motion for Court Order**

In Plaintiff's Motion for a Court Order, he asks the court to have negative entries from his South Carolina Department of Corrections ("SCDC") Health Service medical summary and his institutional record expunged. ECF No. 113 at 1. Plaintiff explains that he disagrees with portions of the medical summary and his institutional record. *Id.* at 1-2. Defendants maintain that they attached the two documents Plaintiff discusses as exhibits to their Motion for Summary Judgment. ECF No. 117. Defendants argue that Plaintiff's Motion is directed at the creators of these documents and not against Defendants. *Id.* at 2. Therefore,

---

[1] The court acknowledges Plaintiff's letter, ECF No. 115, wherein he discusses outstanding discovery he alleges Defendants owe him. Because Defendants have since served discovery responses on Plaintiff, as evidenced by the Response to his Motion for Sanctions, ECF No. 122, it is unnecessary for the undersigned to address Plaintiff's letter here.

Defendant's argue Plaintiff's Motion should be denied because it is directed at a non-party to this lawsuit. *Id.*

Here, Plaintiff disagrees with the entries contained in his SCDC medical and mental health records. He is essentially requesting injunctive relief on a claim not raised in his complaint.  The time to amend pleadings ended on September 19, 2013. *See* ECF No. 45. Therefore, Plaintiff's time to make additional requests for relief has expired, and Plaintiff's Motion for injunctive relief is not properly before the court. Even if his request was brought timely, Plaintiff would not be entitled to relief. *See James v. Jackson*, No. 0:01-cv-3981-TLW-BM, 2003 WL 22937928 (D.S.C. Jan. 22, 2003). "[T]o set forth a cognizable claim to have erroneous information expunged from his file under the due process clause, Plaintiff must show that 1) the offending information is in his file, 2) that the information is false, and 3) that it is being relied on to a constitutionally significant degree." *Id.* at *6. Here, Plaintiff has not presented evidence to this court sufficient to raise a genuine issue of fact that the information contained in his medical summary and institutional record are false. *See id.* (internal citations omitted) ("It is not sufficient [to give rise to a claim] that the information is true but the inmate nonetheless deems it prejudicial. Similarly, it is not sufficient that the inmate disputes evaluations and opinions regarding him."). Therefore, Plaintiff's Motion for a Court Order, ECF No. 113, is denied.

4

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Sanctions, ECF No. 116, and

Plaintiff's Motion for a Court Order, ECF No. 113, are denied.

IT IS SO ORDERED.

June 9, 2014                                      Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge