UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher West, ) | C/A No. 5:13-cv-00981-DCN-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Report and Recommendation |
| Director William R. Byars, Jr.; Warden ) | |
| Cecilia Reynolds; Associate Warden Jerry ) | |
| Washington; Major Darren Seward; Captain ) | |
| Daniel Dubose; Lieutenant Claude Powell; ) | |
| Sergeant Kristopher Sweet; Corporal Jeremy ) | |
| Tarlton; Officer Lawrence Taylor; Nurse Luanne ) | |
| Mungo; in their individual and official capacity as ) | |
| corrections employees of the State of South ) | |
| Carolina, Kershaw State Prison, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment filed on June 13, 2014. ECF No. 128. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on June 16, 2014, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 129. Plaintiff responded to Defendants' Motion for Summary Judgment on September 24, 2014. ECF No. 149. Defendants' motion is now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

  I.  Factual and Procedural Background

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Christopher West was an inmate at Kershaw Correctional Institution ("KCI") during the time period relevant to his Complaint. Plaintiff filed this action in the South Carolina Court of Common Pleas for Richland County, South Carolina on January 7, 2013.  ECF No. 1-1 at 11. Thereafter, Defendants removed the action to federal court. ECF No. 1. In his Complaint, Plaintiff maintains that Defendants "acted in one way or another deliberately and maliciously with abusive act or showed deliberate indifference and gross negligence toward [him]." ECF No. 1-1 at 5. Under the "Statement of Facts" section, Plaintiff describes his March 28, 2011 transfer from Turbeville Correctional Institution to KCI. *Id.* After the transfer, he alleges that some of the named Defendants used excessive force to restrain him while they were securing him upon his arrival at KCI. *Id.*  Specifically, Plaintiff alleges that SCDC officers utilized the restraints "as weapons to cause pain through aggressively pulling them into skin and jerking them to cause some type of action." *Id.* Plaintiff alleges he was then escorted to Special Management Unit ("SMU") where Defendant Sweet squeezed the restraints, and Plaintiff "loudly" told the officers that he was in pain. *Id.* Then, Plaintiff alleges that he was suddenly pepper-sprayed "while [he was] still in restraints and causing no trouble, except where [he] voiced [his] complaint with (sic) abusive action of improper use of restraints." *Id.* After these incidents, Plaintiff maintains Defendant Mungo refused to provide him with medical treatment. *Id.* at 6.

On March 28, 2011, Defendant Sweet prepared an incident report that indicated he was attempting to apply handcuffs and a lead chain to Plaintiff so he could remove Plaintiff's belly chain. ECF No. 128-2 at 13. In the report, Defendant Sweet maintains that Plaintiff became verbally and physically aggressive when the handcuffs were applied. *Id.* Defendant Sweet then was forced to administer chemical munitions upon Plaintiff because of Plaintiff's unruly and aggressive behavior and his failure to comply with lawful directives. *Id.* As a result of the

incident in question, Plaintiff was "charged with 809 Threatening to Inflict Harm on an Employee but does not cause bodily harm." *Id.* He was convicted of this charge on April 12, 2011. ECF No. 128-2 at 6.

In his Complaint, Plaintiff maintains that Defendants maliciously and sadistically used force to intentionally cause harm and violated his rights which constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. ECF No. 1-1 at 11. Plaintiff prays for injunctive relief, compensatory and punitive damages, $5,000 from each Defendant for mental and emotional injury, and a jury trial. *Id.*

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

   III.   Analysis

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  ECF No. 128-1 at 7-9. Specifically, Defendants argue that Plaintiff did not complete the grievance process prior to filing the current action or initiate the grievance process on any allegations contained within his Complaint. *Id.* at 9.

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). SCDC inmates are required to file Step 1 Grievance forms and Step 2 Grievance forms prior to initiating civil actions. *See Wagner v. United States*, 486 F. Supp. 2d 549, 558 (D.S.C. 2007).

In support of their Motion for Summary Judgment, Defendants offer the affidavit of Ann Hallman, the Branch Chief of Inmate Grievances with the SCDC. Hallman Aff. ¶ 1, ECF No. 128-3 at 2. Chief Hallman reviewed the SCDC records of Plaintiff, and her review indicated that Plaintiff did not file "any grievances related to an excessive use of force or failure to protect from an alleged incident on March 28, 2011." *Id.* at ¶¶ 2, 5. Additionally, Chief Hallman avers that Plaintiff did not file "any grievances related to any alleged conspiracy, discrimination,

5

harassment, or failure to provide medical treatment from an alleged incident on March 28, 2011." *Id.* at ¶ 5.

Chief Hallman acknowledges that Plaintiff filed a Step 1 and a Step 2 Grievance Form where Plaintiff appealed "a disciplinary conviction for a charge of Threatening to Inflict Harm on an Employee (KRCI-0696-11)." *Id.* at ¶ 4. In his Step 1 Grievance Form, Number 0696-11, Plaintiff indicates that he is "appealing case #154 heard on April 12, 2011 concerning sparious (sic) Charge 809 by Sergeant Kristopher Sweet." ECF No. 128-3 at 10. Additionally, Plaintiff describes his frustrations with the April 12, 2011 disciplinary hearing, including substitution of counsel. *See id.* In his Step 2 Grievance, Plaintiff indicates that his "unsatisfaction (sic) deals with the mendacious actions of the Warden. . . ." ECF No 128-3 at 14.

Based on the evidence Defendants presented, it is clear that Plaintiff failed to file grievances concerning the assault and medical indifference allegations raised in his Complaint. In his Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff alleges he "filed a grievance on the whole incident of March 28, 2011 properly on April 11, 2011. . . ." ECF No. 149-1 at 3. However, Plaintiff attached several Exhibits to his Complaint, including filed Grievance Forms, and none indicate he filed the necessary grievances to exhaust his administrative remedies. ECF Nos. 1-1,1-4. Plaintiff attached a Step 1 Grievance Form, Number 0829-11, to his Complaint which discusses Plaintiff's request that staff utilize a policy concerning mental health. ECF No. 1-4 at 6. Plaintiff also attached a Step 1 Grievance concerning a lunch tray that fell on April 18, 2011. *Id.* at 21. However, Plaintiff did not attach any grievance concerning the March 28, 2011 transfer or the events that transpired after he arrived at KCI. The only independent evidence presented to the court indicates that Plaintiff did not file a Step 1 Grievance concerning the allegations in his complaint. *See* ECF No. 128-3.

Therefore, based on the undersigned's reviewed of the evidence before the court, Plaintiff did not exhaust his administrative remedies. Because Plaintiff failed to exhaust his available administrative remedies before filing this action, the undersigned recommends that Defendants' Motion for Summary Judgment be granted. *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010), ("Plaintiff needed to file and exhaust his administrative claim [] at FCI Williamsburg prior to proceeding with this lawsuit."); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006) (finding that "before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the Detention Center.") (both citing *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34-35 (1st Cir. 2002).

V.  Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 128, be GRANTED.

IT IS SO RECOMMENDED.

November 7, 2014                                         Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7